No. 5644.

# CALIFORNIA FRUIT CANNERS ASSOCIATION vs. THE HENRY LOCHTE COMPANY, LIMITED.

## Syllabus.

1. A contract for the sale of two or more things, wherein the things themselves are susceptible of division, and the price of each article is severally mentioned, is divisible in its nature, unless it be shown that the use of any one article is dependent on the possession of any other of them.
2. In determining whether the things tendered in execution of a sale, comply with the terms thereof, the proper test is the condition of the things at the time of delivery and not their condition on the trial of the case many months afterwards.

Appeal from the Civil District Court, for the Parish of Orleans, Division "A," No. 87,242. Hon. T. C. W. Ellis, Judge.

Howe, Fenner, Spencer & Cocke, for plaintiff and appellant.

I. G. Kittridge, for defendant and appellee.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

The defendants, in May, 1908, entered into a written contract with Gordon & Co., plaintiff's local agent, for the delivery of 550 cases of white asparagus of five separate and different grades and brands with a distinct price specified for each.

The contract provided that "in case of damage to or shortage of crop by reason of which seller is unable to make full delivery of any of the grades specified, it is mutually agreed that deliveries are to be prorated.

When, pursuant to the contract, the plaintiff tendered the goods, defendant refused to accept them on the ground that the asparagus was not white and of the

quality and value agreed upon, but was green and of an inferior grade.

After submission of the cause, the defendant moved to re-open the case and hear further testimony on the ground that the small white asparagus and particularly the tips "are so much in demand and are so important in any order of which a part consists of white tips that the greenness of the latter makes valueless the whole order."

The motion also suggests, and the statement is supported by various affidavits, that, according to the custom of the trade, to accept the larger sizes and reject the tips would mean that the latter could not be purchased to the extent herein contracted for unless some of the larger white asparagus was also ordered.

The Judge ordered the case to be re-opened and when evidence to sustain the motion was tendered, it was objected to by counsel for plaintiff as inadmissible because in conflict with the express terms of the contract in this case.

In maintaining the objection, the Judge said that testimony could not "do away with the absolute conditions set forth in the contract itself which sets forth that if there is a deficiency or for any other reason mentioned that it should be prorated. * * * The legal question involved (is) whether the contract was an entirety or separable. * * *"

In his reasons for judgment the Judge said:

"Conceding that part of the goods were up to the contract grade, i. e., white, as to which to say the least there is doubt, yet I do not find the contract separable.

"There is not satisfactory proof that damage to or shortage of crops prevented the plaintiff from delivering the grade of asparagus ordered and con-

tracted for by defendant * * * and damage to or shortage in the crops was the only condition on which delivery of the goods could be prorated. I therefore hold that the contract was for an entirety and that failure of a material part of the goods to come up to contract standard operated the failure of the entire contract."

In this conclusion we do not agree with the District Judge.

The objects to be delivered in execution of the contract were susceptible of division, being different brands of asparagus at different prices, they were distinct objects of distinct considerations, and there is nothing to indicate that the use of any one of them is dependent on any other.

The sale was not for a gross price and the consideration was separately fixed for each set of objects.

R. C. C., 2108, 2109; 35 Cyc., 115, 116.

We do not understand the clause as to damage to or shortage of crops to mean any more than that, in such contingency, the quantity raised should be prorated among the total number of customers in proportion to their respective orders.

We are unable to find anything in this proviso which changes the character of the obligation from a divisible to an undivisible one.

It follows that the failure of a portion of the goods to come up to contract does not justify the rejection of the whole order, and that the status of each grade must be ascertained from the evidence.

Counsel for plaintiff frankly states that he does not hope to reverse the finding of fact as to the grade about which the testimony is conflicting, but he claims that except as to the grade "Old Fort" and "Columbus White

Tips," the evidence is overwhelming that the asparagus furnished was white.

There is some testimony as to the tendency of asparagus to bleach or fade in the cans owing to the salt and the preservative acids used and to lapse of time. We think that the proper time for the test as to the condition of the articles was in 1908, the time of delivery and not 1911, the date of trial and the time at which the examination of the cans was made in open Court. Some of the witnesses for plaintiff who made the examination on that occasion say that the asparagus were such as is known to the trade as "white."

Pfister bought some of the "Gold Medal" brand as white but was compelled to re-sell them at a loss as green. Thompson says that the "Export" brand as well as the tips contained too much green. Martin Frank says that when the cans marked "white" were cut, three-fourths of the contents were green. Others testify in the same strain.

Eliminating the testimony of the parties in interest, the seller and their agents on the one side and the purchasers on the other, we are unable to find that unanimity of opinion suggested by plaintiff's counsel.

In this condition of the evidence we are assisted in reaching a conclusion by the terms of the following telegram sent by Bently, plaintiff's sales agent in California to its agent here; "Lochte's rejection unwarranted, the goods will bleach in the cans, expect you to protect our rights."

The statement that "the goods will bleach in the cans" is equivalent to an admission that they were not white at the time. There is an effort made to show that the telegram referred to "Old Fort" and "White Tips" only.

Lochte had rejected the whole shipment and his complaints were as to all the five brands. Bently, Miller and

Gordon were examined as witnesses and offered no explanation whatsoever; their failure to do so presumably results from inability and we may safely infer that they did not because they could not.

Our examination of the record leads us to affirm the judgment.

Judgment affirmed.

Opinion and decree, January 27th, 1913.

———o———